2004 OK 15

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Jason Antonio MARTINEZ, Respondent.**

**No. SCBD 4862.**

Supreme Court of Oklahoma.

March 2, 2004.

ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶ 1 Before this Court is an affidavit filed by Jason Antonio Martinez (Respondent pursuant to rule 8.1 of the Rules Governing Disciplinary Proceedings (RGDP), Okla. Stat. tit. 5, ch. 1, app. 1A (2001), requesting that he be allowed to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law. Also filed with this Court is the Oklahoma Bar Association's application for an order approving Respondent's resignation pending disciplinary proceedings.

¶ 2 Upon consideration of the matter, this Court finds:

1. On December 29, 2003, Respondent submitted his written affidavit of resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings.

2. Respondent's resignation is freely and voluntarily rendered, he is not acting under coercion or duress, and he is fully aware of the consequences of submitting his resignation.

3. Respondent is aware that the following grievance was filed in the Office of the General Counsel for the Oklahoma Bar Association and that the grievance is currently under investigation:

    (a DC 03–306—A grievance alleging criminal conduct based on Respondent's guilty plea in the United States District Court for the Western District of Arkansas Fayetteville Division to one count of Unlawfully Obtaining for Another Person an Employment Authorization Card, in violation of 18 U.S.C. § 1546(a) and 18 U.S. C § 2.

4. Respondent is aware that the allegation set forth, if proven, would constitute violations of rule 1.3 of the RGDP and rule 8.4(b and (c) of the of the Oklahoma Rules Governing Professional Conduct, Okla. Stat. tit. 5, ch. 1, app. 3–A (2001), and his oath as an attorney.

5. Respondent is aware that the burden of proof regarding the allegations contained in the complaint rests upon the

Oklahoma Bar Association and waives any and all right to contest the allegations.

6. Respondent is familiar with the provisions of rule 9.1 of the RGDP and agrees to comply with all of its provisions within twenty days following the approval of his resignation.

7. Respondent acknowledges that he may be reinstated to the practice of law and membership in the Oklahoma Bar Association only upon compliance with the conditions and procedures prescribed by rule 11 of the RGDP and may not apply for reinstatement to membership in the Oklahoma Bar Association prior to the expiration of five years from the date of this order.

8. Respondent is aware that, as a result of his conduct, the Client Security Fund may receive claims from his former clients. Respondent agrees to reimburse the Oklahoma Bar Association, prior to filing an application for reinstatement, the principal amounts and the applicable statutory interest expended by the Client Security Fund for claims against him.

9. The Oklahoma Bar Association has waived payment of the costs incurred in the investigation of this matter.

10. Respondent's resignation pending disciplinary proceedings is in compliance with all the requirements set forth in rule 8.1 of the RGDP, Okla. Stat. tit. 5, ch.1, app. 1–A (2001), and should be approved.

11. The Oklahoma Bar Association requests that the resignation be approved effective December 29, 2003, the date Respondent tendered his resignation. We deny the request and make the resignation effective on the date this order becomes final.

12. Respondent's official roster address is shown by Bar Association records is Jason Antonio Martinez, OBA # 18417, P.O. Box 1306, Van Buren, AR 72957.

¶ 3 IT IS THEREFORE ORDERED that the Oklahoma Bar Association's application and the Respondent's resignation are approved.

¶ 4 IT IS FURTHER ORDERED that Respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to the expiration of five years from the effective date of this order.

¶ 5 IT IS FURTHER ORDERED that Respondent shall comply with rule 9.1 of the RGDP, Okla. Stat. tit. 5, ch. 1, app. 1–A (2001).

¶ 6 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this *1st* day of March, 2004.

¶ 7 ALL JUSTICES CONCUR.